IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARA LEIGH PATRICK A/K/A CARMEN ELECTRA; AND CIELO JEAN GIBSON<br>Plaintiffs, | § § § § § | |
| v. | § § | CASE NO.: 5:18-cv-00910 |
| KHG OF SAN ANTONIO, L.L.C. D/B/A TIFFANY'S CABARET<br>Defendant. | § § § § | |

# DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW KHG of San Antonio, L.L.C. d/b/a Tiffany's Cabaret ("Defendant" herein), and files this Original Answer to Plaintiffs Tara Leigh Patrick a/k/a Carmen Electra and Cielo Jean Gibson ("Plaintiffs" herein) Complaint:

### I. Plaintiffs' Allegations

1. Defendant admits the allegations set forth in paragraph 4 of Plaintiffs' Complaint.

2. Defendant admits the allegations set forth in paragraphs 6-11, and 30 of Plaintiffs' Complaint (except that Defendant denies that it "*does business as a strip club*").

3. Defendant admits the allegations set forth in paragraph 7 of Plaintiffs' Complaint.

4. Defendant admits the allegations set forth in paragraph 8 of Plaintiffs' Complaint.

5. Defendant admits the allegations set forth in paragraph 31 of Plaintiffs' Complaint.

6. Defendant admits the allegations set forth in paragraph 34 of Plaintiffs' Complaint.

7. Defendant admits the allegations set forth in paragraph 44 of Plaintiffs' Complaint.

8. Defendant admits the allegations set forth in paragraph 46 of Plaintiffs' Complaint.

9. Defendant admits the allegations set forth in paragraph 48 of Plaintiffs' Complaint.

10. Defendant admits the allegations set forth in paragraph 83 of Plaintiffs' Complaint.

11. Defendant admits the allegations set forth in paragraph 84 of Plaintiffs' Complaint.

12. Defendant admits the allegations set forth in paragraph 85 of Plaintiffs' Complaint.

13. Defendant admits the allegations set forth in paragraph 88 of Plaintiffs' Complaint.

14. Defendant denies the allegations set forth in paragraph 2 of Plaintiffs' Complaint.

15. Defendant denies the allegations set forth in paragraph 13 of Plaintiffs' Complaint.

16. Defendant denies the allegations set forth in paragraph 14 of Plaintiffs' Complaint.

17. Defendant denies the allegations set forth in paragraph 15 of Plaintiffs' Complaint.

18. Defendant denies the allegations set forth in paragraph 16 of Plaintiffs' Complaint.

19. Defendant denies the allegations set forth in paragraph 18 of Plaintiffs' Complaint.

20. Defendant denies the allegations set forth in paragraph 21 of Plaintiffs' Complaint.

21. Defendant denies the allegations set forth in paragraph 22 of Plaintiffs' Complaint.

22. Defendant denies the allegations set forth in paragraph 23 of Plaintiffs' Complaint.

23. Defendant denies the allegations set forth in paragraph 24 of Plaintiffs' Complaint.

24. Defendant denies the allegations set forth in paragraph 32 of Plaintiffs' Complaint.

25. Defendant denies the allegations set forth in paragraph 33 of Plaintiffs' Complaint.

26. Defendant denies the allegations set forth in paragraph 39 of Plaintiffs' Complaint.

27. Defendant denies the allegations set forth in paragraph 40 of Plaintiffs' Complaint.

28. Defendant denies the allegations set forth in paragraph 41 of Plaintiffs' Complaint.

29. Defendant denies the allegations set forth in paragraph 42 of Plaintiffs' Complaint.

30. Defendant denies the allegations set forth in paragraph 49 of Plaintiffs' Complaint.

31. Defendant denies the allegations set forth in paragraph 50 of Plaintiffs' Complaint.

32. Defendant denies the allegations set forth in paragraph 52 of Plaintiffs' Complaint.

33. Defendant denies the allegations set forth in paragraph 53 of Plaintiffs' Complaint.

34. Defendant denies the allegations set forth in paragraph 54 of Plaintiffs' Complaint.

35. Defendant denies the allegations set forth in paragraph 55 of Plaintiffs' Complaint.

36. Defendant denies the allegations set forth in paragraph 56 of Plaintiffs' Complaint.

37. Defendant denies the allegations set forth in paragraph 57 of Plaintiffs' Complaint.

38. Defendant denies the allegations set forth in paragraph 58 of Plaintiffs' Complaint.

39. Defendant denies the allegations set forth in paragraph 59 of Plaintiffs' Complaint.

40. Defendant denies the allegations set forth in paragraph 61 of Plaintiffs' Complaint.

41. Defendant denies the allegations set forth in paragraph 62 of Plaintiffs' Complaint.

42. Defendant denies the allegations set forth in paragraph 63 of Plaintiffs' Complaint.

43. Defendant denies the allegations set forth in paragraph 64 of Plaintiffs' Complaint.

44. Defendant denies the allegations set forth in paragraph 65 of Plaintiffs' Complaint.

45. Defendant denies the allegations set forth in paragraph 66 of Plaintiffs' Complaint.

46. Defendant denies the allegations set forth in paragraph 67 of Plaintiffs' Complaint.

47. Defendant denies the allegations set forth in paragraph 68 of Plaintiffs' Complaint.

48. Defendant denies the allegations set forth in paragraph 69 of Plaintiffs' Complaint.

49. Defendant denies the allegations set forth in paragraph 70 of Plaintiffs' Complaint.

50. Defendant denies the allegations set forth in paragraph 71 of Plaintiffs' Complaint.

51. Defendant denies the allegations set forth in paragraph 72 of Plaintiffs' Complaint.

52. Defendant denies the allegations set forth in paragraph 73 of Plaintiffs' Complaint.

53. Defendant denies the allegations set forth in paragraph 74 of Plaintiffs' Complaint.

54. Defendant denies the allegations set forth in paragraph 75 of Plaintiffs' Complaint.

55. Defendant denies the allegations set forth in paragraph 76 of Plaintiffs' Complaint.

56. Defendant denies the allegations set forth in paragraph 82 of Plaintiffs' Complaint.

57. Defendant denies the allegations set forth in paragraph 89 of Plaintiffs' Complaint.

58. Defendant denies the allegations set forth in paragraph 90 of Plaintiffs' Complaint.

59. Defendant denies the allegations set forth in paragraph 94 of Plaintiffs' Complaint.

60. Defendant denies the allegations set forth in paragraph 95 of Plaintiffs' Complaint.

61. Defendant denies the allegations set forth in paragraph 96 of Plaintiffs' Complaint.

62. Defendant denies the allegations set forth in paragraph 97 of Plaintiffs' Complaint.

63. Defendant denies the allegations set forth in paragraph 98 of Plaintiffs' Complaint.

64. Defendant denies the allegations set forth in paragraph 99 of Plaintiffs' Complaint.

65. Defendant denies the allegations set forth in paragraph 100 of Plaintiffs' Complaint.

66. Defendant denies the allegations set forth in paragraph 102 of Plaintiffs' Complaint.

67. Defendant denies the allegations set forth in paragraph 103 of Plaintiffs' Complaint.

68. Defendant denies the allegations set forth in paragraph 105 of Plaintiffs' Complaint.

69. Defendant denies the allegations set forth in paragraph 107 of Plaintiffs' Complaint.

70. Defendant denies the allegations set forth in paragraph 108 of Plaintiffs' Complaint.

71. Defendant denies the allegations set forth in paragraph 109 of Plaintiffs' Complaint.

72. Defendant denies the allegations set forth in paragraph 110 of Plaintiffs' Complaint.

73. Defendant denies the allegations set forth in paragraph 112 of Plaintiffs' Complaint.

74. Defendant admits that "[t]*his is an action for damages and injunctive relief… relating to… publication of images of Plaintiffs…*", but otherwise denies the allegations set forth in paragraph 1 of Plaintiffs' Complaint.

75. Defendant admits that "*Plaintiffs have never been hired to endorse Tiffany's Cabaret*", but otherwise denies the allegations set forth in paragraph 26 of Plaintiffs' Complaint.

76. Defendant admits that "*Plaintiffs allege that any improper or unauthorized use of their Images substantially injures their reputation, character, and current career*", but otherwise denies the allegations set forth in paragraph 43 of Plaintiffs' Complaint.

77. Defendant admits that "*the Laham Act prohibits a party in commercial advertising and promotion from 'misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities…'*", but otherwise denies the allegations set forth in paragraph 60 of Plaintiffs' Complaint.

78. Defendant is without sufficient knowledge at this time to admit or deny the allegations set forth in paragraphs 5, 9-10, 12, 15, 17, 19-20, 25, 27-29, 35-38, 45, 47, 79-81, 86-87, 101, and 104.

79. Defendant denies that Plaintiffs are entitled to the damages or relief referenced in paragraph 3 of Plaintiffs' Complaint.

80. Defendant denies that Plaintiffs are entitled to the damages or relief referenced in paragraph 77 of Plaintiffs' Complaint.

81. Defendant denies that Plaintiffs are entitled to the damages or relief referenced in paragraph 91 of Plaintiffs' Complaint.

82. Defendant denies that Plaintiffs are entitled to the damages or relief referenced in paragraph 92 of Plaintiffs' Complaint.

83. Defendant specifically denies that the advertising that Plaintiffs complain of was false or misleading in violation of the Lanham Act.

84. Defendant specifically denies that the advertising that Plaintiffs complain of deceived or had the capacity to deceive consumers of Plaintiffs' products or services in violation of the Lanham Act.

85. Defendant specifically denies that the advertising that Plaintiffs complain of misrepresented any products or services that affect interstate commerce.

86. Defendant specifically denies that the advertising that Plaintiffs complain of injured Plaintiffs or is likely to injure Plaintiffs.

87. Defendant specifically denies that the advertising that Plaintiffs complain of identified Plaintiffs.

88. Defendant specifically denies that the advertising that Plaintiffs complain of had a material effect on the purchasing decisions of consumers in violation of the Lanham Act.

89. Defendant specifically denies that the advertising that Plaintiffs complain of caused or is likely to cause actual consumer confusion in violation of the Lanham Act.

90. Defendant specifically denies that it acted with malice.

91. Defendant avers that Plaintiff Tara Leigh Patrick a/k/a Carmen Electra is a public figure.

92. Defendant avers that Defendant used the Images which are the basis of Plaintiffs' allegations based on the genuine and reasonable belief that: i) Defendant had the right to use the Images; and/or ii) the Images were public domain and could be used without Plaintiffs' consent.

93. Defendant avers that Plaintiff's claims are barred in whole or in part by the affirmative defense of limitations.

94. Defendant avers that Plaintiff's claims are barred in whole or in part by the affirmative defenses of waiver, release, and lack of standing to sue. On information and belief, the Plaintiffs' Images are the result of a professional photo shoot. Upon information and belief, each Plaintiff released all rights to and ownership of each of the Images by signing a model release that conveyed all rights and ownership of the image(s) and the picture(s) to the studio or sponsoring

agency. Plaintiffs, therefore, have no ownership rights or other rights to assert a connection with the photos and lack standing to prosecute this suit.

95. Defendant avers that Plaintiff's claims are barred in whole or in part by laches and by unclean hands. Plaintiffs knew, or within the exercise of reasonable diligence, should have known of the Defendant's actions for months – if not years – prior to 8/13/18, but filed no action. Defendant avers that Plaintiffs' true motivation was never to prevent the use of Plaintiffs' Images or a belief that their reputations are being sullied, but instead is driven by Plaintiffs desire to obtain the maximum amount of damages from the greatest number of possible defendants by allowing what they perceived to be illegal conduct to continue unabated.

96. Defendant avers that Plaintiff's claims are barred in whole or in part by the defense of failure to mitigate Plaintiffs' damages.

97. Defendant avers that Plaintiff's claims are barred in whole or in part by the defense of estoppel.

98. Defendant avers that Plaintiff's claims are barred in whole or in part by the defense of comparative responsibility.

WHEREFORE PREMISES CONSIDERED, Defendant prays that the Court dismiss this suit or render judgment that Plaintiffs take nothing, assess costs against Plaintiffs, and award all other relief to which Defendant is entitled. Defendant prays for further other and further relief.

Respectfully submitted,

LAW OFFICE OF BRIAN W. BISHOP
900 West Avenue
Austin, Texas 78701
Tel: (512) 327-5121
Fax: (512) 327-5122


By: /s/Brian W. Bishop
Brian W. Bishop
State Bar No. 02346300
brian@bbishoplaw.com

ATTORNEY FOR DEFENDANT KHG OF SAN ANTONIO, L.L.C. D/B/A TIFFANY'S CABARET

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served electronically pursuant to Rule 5 of the Federal Rules of Civil Procedure on 2/6/19, upon the following counsel of record:

Joseph N. Casas
Dennis C. Postiglione
The Casas Law Firm, P.C.
11844 Bandera Road #509
Helotes, TX 78023
joseph@casaslawfirm.com
dennis@casaslawfirm.com

/s/Brian W. Bishop
Brian W. Bishop